PER CURIAM.
On petition of The Florida Bar, this Court issued its order directing that the respondent, N. S. Burns, Jr., show cause why he should not be charged in contempt of this Court for the unauthorized practice of law in the State of Florida.
The petition alleged that respondent, a resident of Florida but not a member of The Florida Bar, engaged in the unauthorized practice of law by the following acts:
“Respondent prepared an agreement for deed between Solon E. Bates and Evelyn J. Bates, his wife, and Harry E. McQuinn and Jacqueline Lee McQuinn, his wife, on or about February 20, 1969.
“Respondent prepared a satisfaction of mortgage deed between Margaret Mary Esser, a single woman, to Solon E. Bates and Evelyn J. Bates, his wife, on or about March 2, 1970.
“Respondent prepared a warranty deed between Howard Rogers and Marie Rogers, his wife, as grantors, to Barney F. Williams and Sylvia Ann Williams, his wife, as grantees, on or about March 29, 1971.
“Respondent prepared and filed a statement of claim and represented one Daniel Moore in the Small Claims Court of Pasco County, Florida, on or about February 2, 1972.”
The Rule to Show Cause, returnable May 21, 1973, was personally served upon respondent on May 3, 1973. No return, answer, or other pleading has been filed by respondent. Since no return has been made within the time permitted, the allegations of the petition shall be taken as true, pursuant to Article XVI, Section 4(d), of the Integration Rule of The Florida Bar, 32 F.S.A.
Therefore, it is our order, judgment and sentence that the respondent, N. S. Burns, Jr., is adjudged to be guilty of contempt of this Court; that the said N. S. Burns, Jr., shall pay to the Clerk of this Court as a fine the sum of three hundred dollars ($300.00); and that the said N. S. Burns, Jr., is permanently enjoined from further engaging in the unauthorized practice of law in this State.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS, and BOYD, JJ., concur.